## McMonagle v. Philadelphia et al.

*Edward W. Forman*, for plaintiff.

*Augustus Trask Ashton*, city solicitor, and *H. Eugene Heine*, assistant city solicitor, for defendants.

SMITH, P. J., June 4, 1931.—The complainant, John J. McMonagle, filed his bill in equity, setting forth, *inter alia*, that he was appointed a patrolman on

the police force of the City of Philade'phia, on August 11, 1928, and was in continuous service as such until June 19, 1929, when he was notified that certain charges had been filed against him by Lemuel B. Schofield, the Director of Public Safety, and his superior officer, under the Act of June 25, 1919, P. L. 581, and that a hearing would be had before the Civil Service Commission on July 2, 1929, the charges being "insubordination and neglect of duty;" that complainant appeared before the Civil Service Commission on July 2, 1929, and after evidence in support of the charges against him had been heard, he made answer and offered evidence in support thereof; that, after hearing, the commission reinstated complainant, with the provision that he lose all pay from the date of his suspension, June 19, 1929, to date of restoration, and this decision and order of the commission was certified to the Director of Public Safety, in accordance with article XIX, section eighteen, paragraph five of the Act of June 25, 1919, P. L. 581; that, notwithstanding this order and complainant's willingness and readiness to report for duty, he was not assigned for duty by the director until September 6, 1929, at which time he was notified that he was assigned for duty to the Ninth Police District, and also fined an additional 300 days' pay, notwithstanding the order of the commission, but that the order to report for duty being in violation of the orders of the commission, he refused to report for duty; that on September 16, 1929, complainant was notified to attend an investigation by the police board, at the instance of the Director of Public Safety, relative to a charge of "disobedience of orders;" that on September 16, 1929, complainant again received notification to appear for a hearing before the Civil Service Commission on September 27, 1929; that he did so appear, and was notified that he was restored to duty under the original ruling of July 2, 1929, and informed that the director's order relative to the fine imposed on complainant was contrary to and against the commission's orders or findings; that on September 30, 1929, he was notified by the commission that he was restored to duty as of September 27, 1929, that he was to receive pay during suspension, and that he was found not guilty of disobedience of orders and absence without leave; that on November 27, 1929, he was notified by the Department of Public Safety to return to duty immediately to the Ninth Police District, with an additional fine of 300 days' pay, making a total of 600 days, and would be deprived of five years' vacations, plus 1000 extra hours of duty; that he again refused to report for duty under this notification; that on December 19, 1929, he was again notified to appear before the Police Board of Investigation for a hearing on his refusal to report for duty under the order of November 27, 1929, and he refused to attend the hearing; that on December 28, 1929, he was notified by the department to report at the Ninth Police District for duty pending disposition of his case; that he reported for duty immediately and worked from December 28, 1929, until January 17, 1930, when he was advised he would receive no salary in full until he made up the fine of 600 days' pay and 1000 hours' extra duty, which he declined to do; that he appeared for another hearing before the Civil Service Commission as a result of his failure to continue to work after January 17, 1930, and was found not guilty by the commission; that on February 28, 1930, he was notified to report for duty as of that date, to receive pay during the entire suspension period; that, under date of April 2, 1930, complainant was notified to report for duty as of February 28, 1930, fined an additional sixty days' pay, and ordered to report to the Ninth Police District, which he refused to do, as the orders were contrary to and inconsistent with the findings of the Civil Service Com-

mission; that complainant had not received pay for his services from July 2, 1929, although the money to pay him had been appropriated by City Council, the director refusing to pay him; that he has been the victim of a systematic persecution by the Director of Public Safety, acting through the so-called Police Board, and is without adequate remedy at law.

The bill prayed for an injunction restraining the Director of Public Safety from issuing orders of suspension; from depriving complainant of his lawful compensation as provided by the order of the Civil Service Commission on July 2, 1929; and from compelling complainant to work for 600 days without pay, 1000 extra hours of duty without pay, compelling complainant to work without vacation or holidays for five years, as punishment for alleged conduct unbecoming an officer and neglect of duty, of which charges he had been acquitted by the commission; that the Director of Public Safety be ordered to make proper accounting from July 2, 1929, for such pay from that date to which complainant may be entitled; and that the director sign proper vouchers for the payment of same to complainant; and such other relief as the results of this hearing may demand.

An answer was filed by Lemuel B. Schofield, Director of Public Safety, on behalf of himself and his codefendants, admitting generally the allegations of the bill, but denying that complainant was ready and willing to return to work, and averring that when it was sought to notify the complainant to report he was not at his home and could not be found until September 7, 1929. It is denied that the orders to complainant were inconsistent with the findings of the Civil Service Commission, and averred that in any event complainant was bound to obey the orders of his superior officer, having sworn to obey as a condition of his employment contract with the City of Philadelphia. It is admitted that complainant has been deprived of his pay from July 2, 1929, but denied that money for such pay had been appropriated by City Council, or that complainant had been made the victim of systematic persecution by the Director of Public Safety. It is further denied that complainant is without adequate remedy at law, but averred that complainant does not come into court with clean hands, that he has no right to complain, and praying that the bill be dismissed with costs.

The case came on for hearing on bill, answer and proofs.

### Findings of fact.

1. The complainant, John J. McMonagle, was appointed a patrolman in the Police Department of the City of Philadelphia on August 11, 1928.

2. On June 19, 1929, complainant was suspended from duty by the Director of Public Safety, and on July 2, 1929, appeared for a hearing before the Civil Service Commission, was found guilty and fined two weeks' pay, to wit, from June 19, 1929, to July 2, 1929.

3. On September 6, 1929, complainant was notified by his superiors to report for duty to the Ninth Police District, with an additional fine imposed of 300 days' pay.

4. On September 27, 1929, complainant was again brought before the Civil Service Commission for a hearing on the charges of being absent without leave and disobedience of orders, was found not guilty, and restored to duty with full pay.

5. On November 27, 1929, complainant was notified by the Director of Public Safety to report for duty, with an additional fine of 300 days' loss of pay, no vacations for five years, and 1000 extra hours of duty without pay, the loss of pay thus being 600 days, plus 1000 hours of extra duty. Complainant refused to report for duty under this penalty.

6. On December 19, 1929, complainant was again summoned before the Civil Service Commission, a hearing was had, and he was again found not guilty and was restored to duty with full pay for the entire suspension period. Complainant reported for duty on December 28, 1929, and remained in service until January 17, 1930, at which time he was notified by the Director of Public Safety that the fines as originally placed against him would be put into effect immediately. Plaintiff thereupon refused to continue in the work.

7. In February, 1930, complainant again appeared before the Civil Service Commission for a hearing on charges made against him, was found not guilty, and again ordered restored to duty with full pay during the entire suspension period.

8. On April 2, 1930, complainant was again notified by the Director of Public Safety of the imposition of an additional fine of sixty days' loss of pay against him.

### Discussion.

The complainant has asked that the Director of Public Safety be restrained from issuing orders of suspension, either by himself or through the agency of the Police Board of Investigation, and depriving complainant from receiving his lawful compensation, as provided by the Civil Service Commission, from July 2, 1929; and that said director be further restrained from compelling complainant to work for 600 days without pay and 1000 extra hours of duty without pay, and compelling complainant to work without vacation or holidays for five years, as punishment for alleged misconduct as an officer and neglect of duty occurring on June 19, 1929, of which charges complainant had been acquitted by the Civil Service Commission.

Complainant also asks that the Director of Public Safety be ordered to make proper accounting to him for the moneys due him from July 2, 1929; and that the said Director of Public Safety be directed to sign proper vouchers for the payment to complainant of his said salary as a policeman of the City of Philadelphia.

It appears from the bill and answer and the testimony adduced at the hearing in this case, that McMonagle was duly appointed as a police officer of the City of Philadelphia, and that during the time he was thus active certain complaints were lodged against him, and the Director of Public Safety, in order to discipline him, imposed certain fines in the nature of penalties and deductions from his pay, and sought to compel complainant to perform 1000 hours of extra duty, for which no pay was provided, and also sought to deprive him of vacations and holidays for five years. From the order of the director complainant appealed to the Civil Service Commission, and after a hearing, on September 27, 1929, complainant was found not guilty, and on September 30, 1929, was ordered by the commission to be restored to duty and to receive full pay during the period of his suspension. Immediately after his restoration to the service, the Director of Public Safety penalized complainant for his alleged acts and conduct prior to the date of the hearing before the Civil Service Commission. Complainant again appealed to the Civil Service Commission, was tried on February 28, 1930, again found not guilty and directed to be restored on full pay. Notwithstanding the order of the Civil Service Commission, the Director of Public Safety refused to sign orders or vouchers for the payment of complainant's salary. The result was an appeal by bill in equity to this court to compel the Director of Public Safety to restore complainant to his proper position as police officer and to compel the director to sign the necessary orders for the pay of complainant.

We are not called upon in this opinion to pass upon the merits or demerits of the complainant as a police officer. That was a matter for the Civil Serv-

ice Commission, and it having found in favor of complainant, its findings are final unless appealed from.

It must be conceded that the Director of Public Safety should have and does have certain disciplinary powers or control over policemen of the City of Philadelphia. However, his powers are regulated by the Act of June 25, 1919, P. L. 581, and whenever the director imposes fines or penalties in excess of those authorized by the provisions of this act, he exceeds his authority. The defendants maintain that the fines and penalties imposed in the instant case were in accordance with the rules and regulations governing punishments for breach of discipline as promulgated by the Department of Public Safety, Bureau of Police, of the City of Philadelphia. The complainant contends, however, that the Director of Public Safety in this case disregarded entirely the findings of the Civil Service Commission and the order and decree made by that body as to the complainant. Furthermore, the fines and penalties imposed by the Director of Public Safety in this case, in the opinion of the chancellor, were equivalent to dismissal of the complainant from the service, which the director had no authority to do under the Act of 1919.

The law of the case will be found in Com. ex rel. v. Philadelphia, 273 Pa. 332, wherein Mr. Justice Sadler in his opinion discusses at length the rights of city employees and their dismissal in cities of the first class under the provisions of the Act of June 25, 1919, P. L. 581; and in a concurring opinion in this case, Mr. Justice Kephart states: "My view of the question raised in this appeal is adverted to in the dissenting opinion in McCoach v. City of Philadelphia [273 Pa. 317], and concerns the right of an employee discharged or removed to some sort of a hearing under the civil service section of the Charter Act. Section 18 of article XIX has been quoted at length in the opinion of the court, and, as stated in the McCoach case, the head of a department cannot summarily discharge a city employee without an investigation instituted by the proper authorities, to determine its fairness."

While in the instant case the employee was not summarily discharged, yet the fines and penalties sought to be imposed on the complainant, as heretofore indicated, were equivalent to a dismissal; for it would practically have been impossible for him to have served the city, paid his fines and supported his family and himself under the conditions imposed by the Director of Public Safety. We believe, therefore, that complainant has made out a proper cause of action and that the relief prayed for should be granted.

## Conclusions of law.

1. The Act of June 25, 1919, P. L. 581, is the sole legislative measure covering the rights and powers of the Civil Service Commission and the Department of Public Safety.

2. Under the Act of 1919, the Director of Public Safety may demote or reduce a policeman or fireman in rank and pay, or may suspend him for a period not longer than thirty days, provided a certification of said suspension is made to the Civil Service Commission.

3. The Police Board is an organization created by the Director of Public Safety, and it has no legal status under the act or in the courts.

4. A suspension by the Director of Public Safety, without pay, for any greater period than thirty days, as provided under the Act of 1919, is an arbitrary disciplinary measure, unjustified under the act, and, in effect, a usurpation of the authority of the Civil Service Commission to discharge.

5. Any action in matter of discharge, directly or indirectly, rests solely in the Civil Service Commission, and as such, the commission is the chief disciplinary body of the classified civil service in the City of Philadelphia.

6. The imposition of a suspension greater in length than thirty days, as provided under the Act of 1919, may be an attempt to compel a police officer to leave the service, and, therefore, may be construed as an indirect attempt to discharge the officer from the service, which discharge is only to be effected by the Civil Service Commission.

### Decree nisi.

And now, June 4, 1931, upon consideration of the foregoing case, it is ordered, adjudged and decreed *nisi* as follows:

1. That the defendant Lemuel B. Schofield, Director of Public Safety of the City of Philadelphia, be and he is hereby enjoined and restrained from issuing orders of suspension, either through himself or through the agency of the Police Investigation Board, with respect to the employment of John J. McMonagle as a police officer in the Department of Public Safety of the City of Philadelphia; from depriving the complainant, John J. McMonagle, from receiving his just and lawful compensation for his services from July 2, 1929; from compelling the complainant, John J. McMonagle, to work as such police officer for 600 days without pay, for 1000 hours of extra duty without pay, and from compelling him to work for five years without vacations or holidays, the imposition of the fines and penalties mentioned being in contravention of the provisions of the Act of June 25, 1919, P. L. 581.

2. The Director of Public Safety is ordered to make proper accounting to complainant and to sign such orders or vouchers as are necessary to secure to complainant his salary from July 2, 1929, or such proportion thereof to which he may be entitled.

3. The defendants are directed to pay the costs of this proceeding.

4. The prothonotary is directed to give notice of the entry of this decree *nisi* to the several parties in interest or their counsel.